# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY M. YOUNG-BEY,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN MANAGEMENT<br>CORPORATION, INC. and<br>DAYE AMBERSLEY, *Prop. Mgr.*,<br><br>Defendants. | Civil Action No. TDC-18-2331 |

## MEMORANDUM ORDER

On July 30, 2018, self-represented Plaintiff Jeffrey M. Young-Bey filed the above-captioned action, challenging the practices of his apartment building's management company, Southern Management Corporation ("SMC"), and its property manager, Daye Ambersley. Young-Bey has asserted 21 causes of action under federal and state law, including claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 (2012); the Fair Housing Act, 42 U.S.C. §§ 3601-3619 (2012); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14–202 (West 2013); the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13–301; the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7 (West 2010); and six common law tort claims. The majority of these claims stem from Young-Bey's allegation that Defendants commenced a series of unlawful debt collection and eviction actions against him in the District Court of Maryland for Montgomery County.

On October 2, 2018, Young-Bey filed a Motion for a Temporary Restraining Order or Preliminary Injunction, asking this Court to enjoin at least one of those actions. On October 9,

2018, Defendants filed a memorandum in opposition to the Motion. The Court will therefore construe the Motion as a Motion for a Preliminary Injunction. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party"). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On or about February 15, 2018, Young-Bey entered into a one-year lease agreement for an apartment at Silver Spring Towers on Thayer Avenue in Silver Spring, Maryland. After moving into the apartment, Young-Bey complained to SMC, the property management company, about several defects in his apartment, including plumbing and heating problems, only some of which were addressed. SMC also barred Young-Bey from making rental payments through its online payment portal. Young-Bey alleges that, following these events, Defendants engaged in unlawful debt collection practices and initiated a series of unlawful eviction and debt collection proceedings against him in the Montgomery County District Court on April 12, 2018, July 9, 2018, July 11, 2018, and July 26, 2018. In the Complaint, Young-Bey seeks compensatory and punitive damages of $7.5 million. In his Motion, Young-Bey seeks a preliminary injunction to halt the proceedings in the Montgomery County District Court, scheduled for trial on October 10, 2018, and to "enjoin the Defendants' illegal practice." Mot. Prelim. Inj. at 2, ECF No. 5.

## DISCUSSION

To the extent that Young-Bey is asking the Court to enjoin pending eviction or debt collection proceedings in state court, the Court lacks the power to provide the relief that Young-Bey seeks. Under the Anti-Injunction Act ("AIA"), this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283

(2012); *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015); *Williams v. Cohn*, No. PX-16-2886, 2016 WL 4415058, at *2 (D. Md. Aug. 19, 2016). Consequently, the Court cannot stay or enjoin eviction or debt collection proceedings brought against Young-Bey.

To the extent that the Motion could be construed as seeking an injunction barring a certain "illegal practice" by Defendants, whether efforts to evict Young-Bey or to collect unpaid rent from him, the Motion likewise fails. A party seeking a temporary restraining order or a preliminary injunction must show (1) a likelihood of success on the merits; (2) the moving party will suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in the moving party's favor; and (4) preliminary injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Temporary restraining orders and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

Because Defendants' efforts to evict Young-Bey are now the subject of the proceedings in Montgomery County District Court, as discussed above, any injunction against such efforts would impermissibly enjoin the state court action. Outside of challenging his eviction, Young-Bey's federal and state claims are premised on his allegation that Defendants have engaged in unlawful debt collection practices and are not authorized to seek to collect unpaid rent from him because they are not licensed debt collectors. The FDCPA, however, applies to entities that are "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due . . . another." 15 U.S.C. § 1692a(6). SMC,

3

however, is the lessor of Young-Bey's apartment and therefore would not be seeking to collect a debt owed to a third party. *See Ramsey v. Sawyer Prop. Mgmt. of Md.*, 948 F. Supp. 2d 525, 532 (D. Md. 2013) (holding that the FDCPA does not apply to a creditor seeking to collect a debt in its own name).

Although Young-Bey is correct that Maryland law requires debt collectors to be licensed, that requirement applies only to entities doing business as "collection agencies." Md. Code Ann., Bus. Reg. § 7-301. Maryland law defines a collection agency as:

> [A] person who engages directly or indirectly in the business of:
> (1) (i) collecting for, or soliciting from another, a consumer claim; or
>     (ii) collecting a consumer claim the person owns, if the claim was in default when the person acquired it;
> (2) collecting a consumer claim the person owns, using a name or other artifice that indicates that another party is attempting to collect the consumer claim;
> (3) giving, selling, attempting to give or sell to another, or using, for collection of a consumer claim, a series or system of forms or letters that indicates directly or indirectly that a person other than the owner is asserting the consumer claim; or
> (4) employing the services of an individual or business to solicit or sell a collection system to be used for collection of a consumer claim.

Md. Code Ann., Bus. Reg. § 7–101. SMS and its property manager are plainly not "in the business of" collection consumer debts. *See id.* Moreover, where SMS is listed on the lease and its primary line of business is managing the apartment complex, it likely does not qualify as a collection agency required to have a license under Maryland law. *See Ramsay*, 948 F. Supp. 2d at 536 (holding that a property management company that prepared and executed the agreements creating unpaid rent obligations was not a collection agency under Maryland law); *Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, No. 1673 Sept. Term 2015, 2016 WL 6583892 at *10 (Md. Ct. Spec. App. Nov. 4, 2016) (same). The Court therefore finds that Young-Bey has not shown a likelihood of success on the merits of his claims relating to debt collection.

Even if he had done so, Young-Bey has also failed to show that he will suffer irreparable harm. Other than a possible adverse ruling by the Montgomery County District Court, he has identified no potential irreparable harm. Yet it is possible that Young-Bey will prevail in the state court proceeding on October 10, 2018, and, if he does not, he may appeal that court's ruling within the state court system. Because Young-Bey has shown neither a likelihood of success on the merits nor a likelihood of irreparable harm, the Court need not address the remaining *Winter* factors to conclude that Young-Bey is not entitled to a preliminary injunction.

For the foregoing reasons, it is hereby ORDERED that Young-Bey's Motion for a Preliminary Injunction, ECF No. 5, is DENIED.

Date: October 9, 2018

THEODORE D. CHUANG
United States District Judge