# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JEFFREY M. YOUNG-BEY,

    Plaintiff,

v.

SOUTHERN MANAGEMENT
CORPORATION, INC. and
DAYE AMBERSLEY, *Prop. Mgr.*,

    Defendants.

Civil Action No. TDC-18-2331

## MEMORANDUM OPINION

Plaintiff Jeffrey M. Young-Bey, who is self-represented, has filed a civil action challenging the practices of his apartment building's management company, Southern Management Corporation ("SMC"), and its property manager, Daye Ambersley. Young-Bey has asserted 21 causes of action under federal and state law, including claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (2012); the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619 (2012); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14–202 (West 2013); the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13–301; the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7 (West 2010); and various state common law tort claims. Pending before the Court is Defendants' Motion to Dismiss. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be granted.

## BACKGROUND

The following facts are presented in the light most favorable to Young-Bey, the non-moving party.

In February 2018, Young-Bey entered into a one-year lease agreement for an apartment at Silver Spring Towers on Thayer Avenue in Silver Spring, Maryland. After moving into the apartment, Young-Bey complained to SMC, the property management company, about several defects in his apartment, including plumbing and heating problems, only some of which were addressed. SMC also barred Young-Bey from making rental payments through its online payment portal. Young-Bey alleges that, following these events, Defendants engaged in unlawful debt collection practices and initiated a series of unlawful eviction and debt collection proceedings against him in the District Court of Maryland for Montgomery County ("the Montgomery County District Court") on April 12, 2018, July 9, 2018, July 11, 2018, and July 26, 2018.

On July 30, 2018, Young-Bey filed his Complaint in this Court. In October 2018, Young-Bey filed a Motion for a Temporary Restraining Order or Preliminary Injunction in which he requested that the Court enjoin eviction proceedings in Montgomery County District Court. After ordering and receiving a response from Defendants, the Court construed the motion as a Motion for a Preliminary Injunction and denied it. *See Young-Bey v. S. Mgmt. Corp., Inc.*, No. TDC-18-2331, 2018 WL 4922349, at *3 (D. Md. Oct. 10, 2018). Then, after being formally served with the Summons and Complaint, Defendants filed the pending Motion to Dismiss. Nearly two months later and several weeks after the deadline for opposing the Motion had passed, Young-Bey filed on February 11, 2019 a Motion for Extension of Time to File Opposition to Defendants' Motion to Dismiss. The Court granted Young-Bey until March 15,

2019 to file an amended complaint or respond to the pending Motion. On March 18, 2019, Young-Bey again moved for an extension of time to respond. The Court again granted Young-Bey an extension, until April 1, 2019, to file his response. Despite these extensions, Young-Bey never filed an amended complaint or a memorandum in opposition to Defendants' Motion to Dismiss.

## DISCUSSION

Defendants seek dismissal of Young-Bey's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that: (1) Young-Bey has not pleaded sufficient facts to demonstrate that Defendants are debt collectors subject to the FDCPA; (2) Young-Bey has not stated sufficient facts to state a plausible claim that Defendants acted with discriminatory intent in violation of the FHA; and (3) if the federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over Young-Bey's state law claims. Because the Court agrees with these arguments, it need not address Defendants' remaining arguments that Young-Bey's state law claims should be dismissed on the merits.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*,

3

510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When deciding a motion to dismiss, a court may "take judicial notice of matters of public record" and may consider exhibits submitted with the motion "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). With their Motion, Defendants have submitted the following extrinsic exhibits: (1) the lease governing Young-Bey's tenancy at Silver Spring Towers; and (2) a printout from a Maryland state government website containing background information about SMC. The Court will consider the lease because it is cited in the Complaint as the document governing the parties' relationship and is integral to Young-Bey's allegations. However, the website information relating to SMC is not integral to the Complaint, so the Court will not consider it in deciding Defendants' Motion.

## II. FDCPA

Defendants argue that Young-Bey's FDCPA claims should be dismissed because Defendants are not "debt collectors" and therefore are not subject to the FDCPA. The FDCPA protects consumers from "abusive debt collection practices" by prohibiting debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692(e), 1692e. However, the statute only applies to a "debt collector," 15 U.S.C. §§ 1692b-1692g, 1692k(a), defined as any person who uses interstate commerce "or the mails in any business the principal purpose of which is the collection of any debts," or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," § 1692a(6). With few exceptions, these requirements do not apply to a "creditor," defined by the FDCPA as one "who offers or extends credit creating a

4

debt or to whom a debt is owed." 15 U.S.C. § 1692a(4); *see Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135-36 (4th Cir. 2016). Thus, the primary distinction between a debt collector and a creditor is that a debt collector "collects debt *on behalf of others*," while a creditor collects debt "*for its own account*." *Henson*, 817 F.3d at 135.

Here, Young-Bey has failed to provide any allegations in his Complaint that SMC is collecting a debt for a third party and thus is a debt collector subject to the FDCPA. Defendants, in contrast, state that SMC is an owner-operated property management company whose primary business is managing properties as a landlord, which the lease confirms by listing SMC as the lessor and Young-Bey as the lessee. Indeed, Young-Bey acknowledges in the Complaint that SMC was a party to the lease. Where SMC is a party to the lease contract and seeks to collect debts in the form of rent, those debts are owed directly to SMC as the lessor, not to a third party. Thus, the Court finds that SMC is a creditor and not a debt collector subject to the FDCPA.

As for Ambersley, Young-Bey alleges that she is the on-site property manager of Silver Spring Towers, making her an employee of SMC. Ambersley (née Dandridge) executed Young-Bey's lease on behalf of SMC. Since SMC is a creditor not subject to the FDCPA and Ambersley is an employee of SMC, Ambersley is not subject to the FDCPA either. *See* 15 U.S.C. § 1692a(6)(A) (stating that the term debt collector "does not include— any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor").

Accordingly, since neither Defendant is subject to the FDCPA, Young-Bey's FDCPA claims will be dismissed.

### III. FHA

Young-Bey's only other federal claim is for a violation of the FHA. Young-Bey alleges that Defendants intentionally discriminated against him on the basis of "economic disability,

personal bias[,] and racism" by making harassing inspections of his apartment, taking his parking space without judicial process, and "adopting an inconsistent policy of responding to the Plaintiff's late rent than late rent of similarly situated tenants." Compl. ¶¶ 65-66, ECF No. 1. Defendants argue that these allegations are not sufficient to state a plausible claim fore relief under the FHA.

As relevant here, under the FHA, it is unlawful to "discriminate against any persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The FHA also forbids discrimination in housing on the basis of handicap, defined as having "a physical or mental impairment which substantially limits one or more of such person's major life activities, a record of having such an impairment, or being regarded as having such an impairment." 42 U.S.C. §§ 3602(h), 3604(f)(1). Notably, the FHA does not protect against discrimination on the basis of "economic disability" or "personal bias," as alleged in Young-Bey's Complaint. Thus, Young-Bey's only cognizable claim of housing discrimination under the FHA is on the basis of race.

An "FHA claim can proceed under either a disparate-treatment or a disparate-impact theory of liability." *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421 (4th Cir. 2018). "Under a disparate-treatment theory of liability, 'a plaintiff must establish that the defendant had a discriminatory intent or motive,' whereas 'a plaintiff bringing a disparate-impact claim challenges practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale.'" *Id.* (quoting *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2513 (2015)). In this case,

Young-Bey asserts only a disparate treatment theory of liability because he states that defendants intentionally discriminated against him. *See id.*

A plaintiff may prove a disparate treatment FHA violation by showing "that a defendant had a discriminatory intent either directly through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the *McDonnell Douglas* test." *Corey v. Sec'y, U.S. Dep't of Hous. & Urban Dev. ex rel. Walker*, 719 F.3d 322, 325 (4th Cir. 2013). Here, Young-Bey has not provided any direct evidence of discrimination, and his allegations are insufficient to raise a plausible inference of housing discrimination because they fail to allege facts to show that tenants of a different race or color were treated differently under similar circumstances. *See, e.g., Adam v. Wells Fargo Bank, N.A.*, No. 1:09-cv-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010) (dismissing the plaintiff's discrimination claim where he "merely made an unadorned accusation that race, religion, or national origin motivated the Defendant's actions"); *cf. Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom., Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012). Although a plaintiff "is not required to plead facts that constitute a prima facie case" in order to prevail on a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman*, 626 F.3d at 190 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, Young-Bey's general allegation that Defendants treated other similarly situated tenants differently, without any facts to establish the plausibility of that allegation, is not enough to meet his pleading burden. *See id.* at 191. Accordingly, Young-Bey's FHA claim will be dismissed.

## IV. State Law Claims

A federal court may decline to exercise supplemental jurisdiction over state law claims where, as here, it has dismissed all the federal claims. 28 U.S.C. § 1367(c)(3) (2012). Particularly where the case has not proceeded to discovery, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, which will be dismissed without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988). Thus, the Court need not reach Defendants' arguments why Young-Bey's state law claims should be dismissed on the merits.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss shall be granted. A separate Order shall issue.

Date: May 6, 2019

THEODORE D. CHUANG
United States District Judge